■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN VOLPE, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Mallon, J.), imposed December 1, 1983.

Ordered that the appeal is dismissed as academic (see, People v Skaar, 97 AD2d 484). Mollen, P. J., Weinstein, Kooper and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WATERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 22, 1986, convicting him of burglary in the second degree, upon his plea of guilty and imposing sentence. The appeal brings up for review the denial, after a hearing, of that part of the defendant's omnibus motion which was to suppress physical evidence and an oral statement.

Ordered that the judgment is affirmed.

The defendant contends that the information conveyed by a fellow officer upon which the arresting officers acted was unreliable because it was originally provided by "unknown informants". His contention is without merit.

Although the names of the witnesses to whom the fellow officer spoke were then unknown to the arresting officers, those witnesses remained at the scene and were identified as a resident, superintendent and assistant superintendent of the apartment building where the burglary occurred. The information conveyed through the fellow officer was therefore at least circumstantially reliable (cf., People v Hicks, 38 NY2d 90; see, People v Marin, 91 AD2d 616).

The information conveyed by the fellow officer, together with information supplied directly to the arresting officers by a nearby store owner, provided a sufficient predicate for the arrest of the defendant. Since the defendant thereafter voluntarily waived, inter alia, his right to remain silent, and since both the tangible evidence and the defendant's statement are untainted by unlawful police conduct, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence and an oral statement. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.